We have a good calendar, and so we will hear the cases for argument in the order that they are listed. The first case is Perry v. Clark County Protective Services. Child. Good morning. Good morning. May it please the Court, Katherine Faustine for Appellant Melanie Perry, and also appearing my colleague Wendalyn Richards. The case before this Court today involves claims by Ms. Perry, constitutional statutory claims by Ms. Perry against CPS for the unlawful seizure of her daughter in July and September of 2001 and the deprivation of her constitutional rights and the procedures that followed in the time it took her to regain her daughter's custody. The factual history of this case is rather long and somewhat complicated, and Appellant's opening supplemental brief has set out a detailed summary of these facts. Therefore, unless the Court would like me to further address or clarify these facts, I'd like to move on to the issue on appeal. The district court dismissed Ms. Perry's claims based on two jurisdictional bases. First, it stated that Ms. Perry's claims were barred by the Rooker-Feldman Doctrine because federal courts are prohibited from reviewing state court decisions. Second, it stated that Ms. Perry's claims fell within the domestic relations exception due to the diversity jurisdiction, and therefore, it could not review her claims. Upon a close review of the law and facts of this case, it's clear that the district court erred that Ms. Perry's claims should be remanded to the district court for full adjudication on the merits. Let me ask you a question, if I may. Yes. As I read her complaint, she seeks common parental authority over her child. Okay. To that extent, wouldn't the district court have been at least to that extent, wouldn't the district court have been correct in saying that the domestic relations exception applies? Under Income Grant, the exception has been applied, construed very narrowly. I know. Okay. But to the extent that the complaint says that she seeks, quote, common parental authority over the child, that's not relief that the federal court could grant. That is correct. And at the time the district court dismissed the claim, that would have been true. However – Okay, I understand. Yes. And then the complaint also then complains about actions taken by the Clark County Court. Yes. Now, wouldn't that part of her complaint fall within Rooker-Feldman? The claims she seeks against the Clark County Court arise merely out of denial of right to counsel and does not arise out of the final adjudication on substantive guardianship petition. And therefore, under Van Harken and under Katz, it's clear that plaintiffs are entitled to bring procedural challenges to state court proceedings, and these do not fall within Rooker-Feldman. Well, then isn't she de facto trying to appeal the state court decision not to grant her an attorney? She does not seek review of the state court guardianship proceeding decision. We just mentioned that it was dealt with failure to give her a lawyer. Well, the relief she seeks at this point is declaratory and monetary relief. The family court proceedings have been completed, and therefore, injunctive relief on the right to counsel claim would be moot at this point. What kind of declaratory relief, then? That she had right to counsel in a guardianship proceeding when her child is being threatened. There's a threat of her child being permanently removed from her custody in guardianship. So under Feldman and under Katz and under Van Harken, it's clear that general challenges to general procedures in state court do not fall within Rooker-Feldman. And since she's not challenging the final decision of the state court, the district court, in order to find in her favor, would not be required to find that the family court was incorrect in its substantive decision. But did she have a right to counsel? Right to court-appointed counsel, given her indigence and unable to. Under what? Under constitutional principles. And the Nevada statutes provide that the court may provide counsel upon its discretion in certain circumstances. And Ms. Perrybrink claims both that the court was incorrect in denying her counsel in her situation, and also that all indigent parents in guardianship proceedings where they're threatened with the permanent loss of their child, she proved it. For that, let's suppose you're right, or the complaint was correct, that she was somehow improperly denied counsel. What's the remedy? Declaratory and attorney's relief. But what would be the declaratory relief? I mean, wouldn't it be to say that the proceeding, the result of the proceeding during which she was denied counsel, is invalid? No. That wouldn't be required. The declaration merely that she had the right to counsel and that indigent individuals are entitled to counsel in such proceedings. So what? Yeah. A ruling that indigent parents in such proceedings have right to counsel would provide her remedy for her feeling that she'd been denied such a right, and that such a ruling would provide that in future proceedings that the decision that indigent parents could have such a right to counsel. The claim that indigent parents have an absolute right to counsel under the Constitution? When they are faced with a significant or permanent loss of custody of their child. Your case citation is? The, you know, this hasn't been addressed in our brief because we feel that the merits are better addressed by the district court, the merits of her claim. And this is merely, since this is merely a decision on whether the district court has jurisdiction, that matter could be adjudicated upon remand. Okay. Let me just ask another question. Why shouldn't we affirm the district court on the basis of younger abstention, which we can raise to respondee? Isn't the – don't we examine the subject matter jurisdiction at the time the complaint is filed? Yes, the court does. We should examine it at the time the complaint was filed. And clearly, at the time the complaint was filed, it was prior to any State court proceedings. So clearly, the Rooker-Feldman would not bar such claims. And as far as the domestic relations exception, we examine the complaint at the time it was filed. However, it's not a question of a different complaint at this time, but of a request for relief becoming moot. But at the time the complaint was filed, the guardianship proceedings were ongoing, and the district court could have properly abstained under younger, could it not? At this point, since those proceedings have been terminated, it certainly would be prudent in my opinion. At the time the complaint was filed? At this time, since the family court – can you repeat that? Sorry. At the time the complaint was filed, my understanding from the record – and please correct me if I'm wrong – is that the guardianship proceedings were taking place in the State court. Correct. But they – since they now have been terminated, to abstain, to uphold the decision on abstention would seem – Abstention would be that there are ongoing proceedings in the State court and we're not going to interfere with them. The fact – I mean, that was true at that time. But at this time, since the factual circumstances have changed, it seems that that should be taken – possibly taken into account. Well, I'm going back to subject matter jurisdiction. I know. Yeah. I suggest that we look at the time the complaint was filed, and at that time there are ongoing guardianship proceedings in the State court. And that is true. Since the district court, however, did not dismiss jurisdiction based on younger abstention. Well, I understand that. But we can do it corresponding any time we want to. Yeah. I am aware of that. If – and if that is the case, we would – we would like to be provided the opportunity to brief that issue since that has not been addressed. The fact was it was – this is without prejudice. Isn't that correct? Yes. All right. You would still be able to file. Thank you. Yeah. Well, okay. We've given you a difficult road to pull here. Yeah. Okay. Thank you. Would you like to save some time for rebuttal? Judge, just the conclusion that these – Ms. Perry has brought valid constitutional claims against CPS arising out of the unlawful treatment of her during the seizure of her daughter. And they should not – the district court should not be barred from adjudicating these claims merely because of a tangential relationship to a domestic relations matter that has been adjudicated and terminated. Thank you. May it please the Court. My name is Robert Gower. I'm a Deputy District Attorney for Clark County. I represent the defendants. This is an appeal from a motion to dismiss granted by the lower court of the complaint without prejudice. The issue, I think, really has to be the perspective of the court at that time, the subject matter jurisdiction at the time of the complaint. You look at what was presented to the court at that time. You have two motions and you have a complaint. At that time, you have an ongoing guardianship proceeding. Certainly, extension would apply. And also, you have to look at what were the claims by the plaintiff at that point. Throughout the brief, the supplemental opening brief and the reply brief, the plaintiff's focus is on events occurring after the order has already been entered by the lower court, things that the lower court was not even aware of, the ultimate conclusion of the guardianship. But at the time that the lower court made its decision, what was presented to the lower court were specifically requests by the plaintiff that the court jump into the state court proceeding, wanted to enjoin the proceeding, wanted to actually make the federal court, the lower court, make a custody decree decision. Specifically, I point the court's attention to excerpt of the record, and this is the plaintiff's excerpt of the record, number 14, which is the proposed order. The first sentence of that indicates this order affirms the common parental authority of Melanie Perry having sole custody of her daughter, Hannah Perry. What was the plaintiff asking the court to do at that point is to actually make a custody decree. Certainly, domestic relations exception would apply. And there was no reason. All of the different things that are raised in the opening brief in terms of there is no request by the plaintiff for a custody decree. That's not true. There it is. There's no request for the plaintiff regarding a custody determination. Certainly, that's exactly what she was asking, and that there was no possibility that the federal court was going to get enmeshed in the state court proceeding. That's just untrue. Let me ask you, if she is complaining to at least some extent, I would think about due process. Right. That here she is a parent. Sure. Her child is being taken away by the state, and she thinks that she should have a right to have a lawyer represent her in that proceeding because there's a lot of power on the other side. Is there anything the federal courts can do? Well, the federal court should let the state court proceeding go forward, and there are state court measures. If there is an appeal from the decision, if she feels that her right to remain ---- State court proceeding goes forward without her having a right to counsel that she thinks that she has. And she wants to assert that right. Is the law that she has to wait until the child is gone? Well, she can file. There are certain writs that can be filed with the Nevada Supreme Court. There's also the appeal to the Nevada Supreme Court. For the federal court to get involved in that case clearly was going to ---- She was asking for relief from the federal court to jump on in and stop the proceeding at that point. Is that an appropriate function for the federal court? I don't believe the case law says that that is an appropriate function. What do you do with the Akenbrandt case? I'm sorry, yes? What do you do with the Akenbrandt case? The Akenbrandt case, primarily what I saw the Akenbrandt case being used for by the plaintiffs is to say that somehow the domestic relations exception doesn't apply in a diversity or only applies to diversity cases and doesn't apply to federal jurisdiction cases. Yes. That's not actually what it says. In fact, in the Akenbrandt case, it refers to In re Burris, which is an earlier Supreme Court case. And in which the Court said the whole subject of the domestic relations of husband and wife, parent and child belongs to the laws of the State and not to the laws of the United States. And Akenbrandt says, right after that quote, has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction, which suggests it's not only diversity jurisdiction cases, but it's also other cases like federal cases. But I've heard other cases that have sort of confirmed that it applies only. It's true, although one of the cases ---- Including Ninth Circuit cases. And there's also another case, in fact, the opening brief cites the Katz v. Chalker case, which is a Sixth Circuit case. In there, that case cites another Sixth Circuit case, Firestone v. Cleveland Trust, which says, even when brought under the guise of a federal question-action, a suit whose substance is domestic relations generally will not be entertained in federal court. So is there a split? Certainly there's a split, but there is certainly ---- Well, that's a Sixth Circuit case. I'm talking about Ninth Circuit cases that appear to say that it applies only to diversity cases. And certainly ---- Well, it depends. I mean, she actually raises, if you look at the complaint, it actually indicates it's a diversity case and a federal question case. So she's raised both. Well, explain that to me, if you would. How is it a diversity case? How does she do that? She claimed it was a diversity case. I don't think it can be. I think the plaintiffs are correct. It was not an appropriate diversity case because there were citizenships. There were ---- some of the people were Nevada residents as well, so on both sides. I don't think it was a proper diversity case, but that's how she brought it. As I said, the basic claim that we have in terms of the domestic relations is that it should have applied. The ---- all throughout the complaint through the motions, it's clear that, in fact, she was requesting custody of termination. She was determining she wanted the Federal court to jump into the State court action. She wanted to enjoin the State court. No, okay, but the State court action is over now. Which is ---- Now, why can't ---- and this was dismissed with prejudice. Why can't she go ---- without prejudice. Without prejudice, correct. So why can't she, if we affirm that because there were ongoing proceedings, why can't she assert, go back and assert that she has a right to ---- that she had a right to counsel in the proceedings analogous to Gideon? It seems to me, though, procedurally, what we're here for is an appeal from the lower court's dismissal of the complaint. The dismissal was appropriate. If she wants to file ---- because it was dismissed without prejudice, if she wants to file a new complaint, that's something she can do. I mean, that's the whole idea of without prejudice. However, to say that the lower court erred in making the decision it did at the time it did and under the perspective that it had, I think is incorrect. Are you saying that it would be appropriate for her to file another complaint now if you were to affirm the dismissal without prejudice? And assert that she was denied her federal due process rights to counsel in that proceeding? Certainly. Would we be arguing that she shouldn't go forward and that those are not going to be successful? Yes, we'll be arguing that. But where we are right now is this appeal is whether or not the lower court erred in dismissing the complaint without prejudice. Does she have the ability to do to ---- I mean, certainly every time I've ever had a case that was dismissed without prejudice, the other side can raise a new complaint, and then we argue about the new complaint. We file a motion to dismiss. We do what we feel is necessary. But what would not be appropriate at this point is to find that the lower court erred. I think the lower court did exactly what it should have done. Now, the only thing I would have thrown in, I don't wear robes, so I can't say what was going through the judge's mind, but I probably would have also argued that it should have abstained from the action, from determining because of the ongoing guardianship proceeding. Well, I would avoid dealing with Ninth Circuit cases that say it applies solely in diversity. I certainly would have, after reviewing all of this, certainly that's the way I would have gone. But that's not what was there, but certainly this Court could say that was an appropriate decision based upon the Court's perspective at that point. At that time, there was an ongoing guardianship proceeding. Unless there's any other questions. Thank you very much. You have about a minute for this one. First of all, I'd like to begin by saying that even if this Court were to uphold the district court as correct in dismissing Ms. Perry's claims at the time, on the complaint as it existed at that time, it should have only, it would have been proper to dismiss her claims for injunctive relief. At that time, her complaint also pled claims for monetary and declaratory relief arising out of the unlawful conduct by CPS in violation of her due process rights. That clearly, these forms of relief clearly are not asking for any determinant of custody and her claims as far as with regards to those type, that relief should be allowed to go forward even as the complaint stood at that time. As to counsel's contention of his interpretation of Ankenbrandt, we do also interpret Ankenbrandt to stand for the principle that domestic relations exception should not be applied in the federal question context. In addition, Ankenbrandt, even if it were to apply, the domestic relations exception were to apply in the federal question context, Ankenbrandt sets out the limit of this exception as very narrow, that courts are not allowed to issue alimony, child support, or divorce orders. Thank you, counsel. Thank you. Your time has expired. The case just argued is submitted for decision. We want to thank Simpson Thatcher and the counsel for their participation in our pro bono program, and we thank counsel for both sides for the quality of the argument this morning. Thank you.
judges: Schroeder, Dw Nelson, Rymer